THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                Plaintiff,                              ORDER

      v.                                              05-CR-103-C-02

ANGELA L. WARE,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      A hearing on the probation office's petition for judicial review of Angela Ware's supervised release was held on October 23, 2009, before United States District Judge Barbara B. Crabb.  The government appeared by Assistant United States Attorney Timothy M. O'Shea.  Defendant was present in person and by counsel, Erica L. Bierma.  Also present was Senior United States Probation Officer Helen Healy Raatz.

      From the record and stipulation, I make the following findings of fact.

## FACTS

      Defendant was sentenced in the Western District of Wisconsin on December 14, 2005, following her conviction for bank fraud, in violation of 18 U.S.C. § 1344.  This offense is a Class B felony.  She was committed to the custody of the Bureau of Prisons to

serve a term of imprisonment of two days, time served, with a 60-month term of supervised release to follow, and ordered to pay restitution in the amount of $8,639.09.

Defendant began her term of supervised release on December 14, 2005. On October 7, 2009, she violated Standard Condition No. 3, requiring her to follow the instructions of the probation officer, when she failed to stay overnight at her parents' home as directed and when she failed to report to Arc Community Programs. Defendant violated Standard Condition No. 7 and Special Condition No. 5, which prohibited her from purchasing and using an illegal controlled substance and associating with drug users and sellers, when she used crack cocaine on October 1, 2, 3, and 6, 2009, and when she associated with other drug users. Defendant violated Standard Condition No. 8 prohibiting her from frequenting places where controlled substances are illegally sold, used, distributed or administered, when she went to several locations in the Madison area and obtained crack cocaine. Further, defendant violated Special Condition No. 8, requiring her to complete a 28-day residential treatment program at Arc Community Services, when she failed to report to the facility on October 8, 2009.

Defendant's conduct falls into the category of Grade C violations. Section 7B1.3(a)(2) of the advisory guidelines provides that the court may revoke, extend or modify supervised release upon a finding of a Grade C violation. 18 U.S.C §3583(g)(1)requires

revocation of the term of supervised release if the court finds a defendant illegally possessed a controlled substance.

## CONCLUSIONS

Defendant's use of crack cocaine is evidence of possession of a controlled substance, which requires revocation. Accordingly, the 60-month term of supervised release imposed on defendant on December 14, 2005, will be revoked.

Defendant's criminal history category is I. With a Grade C violation, defendant has an advisory guideline term of imprisonment range of 3 to 9 months. The statutory maximum to which defendant can be sentenced upon revocation is 36 months, pursuant to 18 U.S.C. § 3583(e)(3), which provides that a person whose term of supervised release is revoked may not be required to serve more than three years if the offense for which defendant was sentenced previously was a Class B felony.

After reviewing the non-binding policy statements of chapter 7 of the Sentencing Guidelines, I have selected a sentence in the middle of the guideline range. The intent of this sentence is to take into account defendant's substance abuse and mental health history, while holding her accountable for the current violations.

## ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on

December 14, 2005, is REVOKED and defendant is committed to the custody of the Bureau of Prisons for a term of six months to be followed by a 36-month term of supervised release. All standard and special conditions of supervised release previously imposed shall remain in effect with the exception of Special Condition No. 1, which is modified to require defendant to spend 90 days in a residential re-entry center, as approved by the supervising U.S. probation officer, with admission upon the first available vacancy. Defendant may be absent from the center for employment purposes, for mental health counseling and treatment and for passes consistent with program rules. Defendant is to pay her own medical expenses, if any, and is to pay 25% of her gross income toward the daily cost of residence. Defendant may be discharged early from the facility upon the approval of both the facility administrator and the supervising U.S. probation officer.

Defendant does not have the financial means or earning capacity to pay the cost of her incarceration.

Entered this 23rd day of October 2009.

BY THE COURT:

/s/

BARBARA B. CRABB
Chief District Judge